Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7875 | **DATE** | 6/28/2002 |
| **CASE TITLE** | Cedric Parks vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion. e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying Mr. Park's petition under Section 2255 seeking to vacate, set aside, or correct sentence. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices: 2 | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 01 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | '02 JUN 28 PM 4:43 U.S. DISTRICT COURT CLERK | docketing deputy initials 6/28/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CEDRIC PARKS,

    Petitioner,

v.

UNITED STATES,

    Respondent.

No. 01 C 7875

DOCKETED
JUL - 1 2002

## MEMORANDUM OPINION AND ORDER

Cedric Parks was a "governor" (a high official) of the Gangster Disciples, a large and vicious street gang that operated in Chicago, Illinois, through the mid-1990s. *See United States v. Jackson,* 207 F.3d 910, 913 (7th Cir. 2000), *vacated in part by* 531 U.S. 953 (2000) (but not as to Parks). He was convicted of various narcotics counts, including: participating in a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848, conspiracy to possess controlled substances with the intent to distribute, § 846, and use of minors to further this conspiracy, § 861. He was sentenced to life in prison. He appealed to the Seventh Circuit, which affirmed his conviction, *see Jackson, supra,* and his petition for certiorari to the Supreme Court was denied in 2000. *See* 531 U.S. 953. He petitions for relief under 28 U.S.C. § 2255. He argues that he received ineffective assistance of appellate counsel because his appellate counsel failed to argue: (1) that his trial counsel had a conflict

of interest; (2) that the trial judge had a conflict of interest, and (3) that his sentences for use of minors exceeded the statutory maximum. I deny his petition.

A claim of ineffective assistance of counsel requires that Mr. Parks demonstrate that: (1) his counsel's performance was so deficient as to fall below an objective standard of reasonableness under "prevailing professional norms" and (2) the deficient performance so prejudiced the defense as to deny the defendant a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Counsel's performance is presumed to be adequate, although the presumption may be rebutted. *Id.* at 688-89. Mr. Parks also must overcome the strong presumption that "the challenged action might be considered sound trial strategy." *Id.* at 689. Finally, even if not professionally reasonable, a decision by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Mr. Parks presents the following evidence of a conflict of interest involving his trial attorney, Sheldon B. Nagelberg, a claim not raised on appeal. First, Mr. Parks says that he and Nagelberg were "greatly at odds" over trial strategy; there was a "complete break down of communication[s]," and there is "no telling what beneficial strategies counsel would have used" otherwise. The differences involve Nagelberg's decision to distance himself from Mr. Parks, in stating to the jury, for example, that "he is not an

easy person to defend . . . . I have found it difficult to like Cedric Parks." Trial Tr. at 6795. Moreover Mr. Parks states that Nagelberg took $500 from Mr. Parks, which he later returned. The money is a non-issue: I do not see how taking money from a client creates a conflict of interest, rather the reverse.

The argument about trial strategy is also not enough to show that there was a conflict of interest rather than a disagreement about strategy: Mr. Parks' differences with Nagelberg about how to proceed do not show that Nagelberg had divided loyalties. The quoted remarks might well have been part of a decision to argue that the jury should not be swayed by their assessment of Mr. Parks' likeability rather than the evidence against him; and in any event, Mr. Parks offers no alternative approach that Nagelberg should have taken that would have been better. Instead, Mr. Parks says "there is no telling" what beneficial strategies counsel might have used. Mere speculation is insufficient to prevail on collateral attack. Mr. Parks' appellate counsel was right not to raise this issue on appeal, and it is not ineffective assistance to refuse to raise an argument that had no hope of success. *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1992).

Mr. Parks' second argument is that the initial judge in the case, Judge Lindberg, had a conflict that was not timely disclosed

because his daughter had a "potentially adulterous"[1] relationship with a DEA agent involved in the case, whom, Mr. Parks says, had been invited to dinner at Judge Lindberg's home on several occasions. Judge Lindberg presided over the trial in July 1997, but granted recusal motions in April 1998, and the case was reassigned to Judge Marovich. Judge Marovich held a hearing on motions for mistrial and dismissal, in which Judge Lindberg testified. Judge Marovich denied those motions, concluding that the relationship had in no way affected any of Judge Lindberg's rulings at trial, and handled the postrial proceedings, including Mr. Parks' sentencing.

Judge Marovich's hearing revealed that Judge Lindberg did not meet the DEA agent until September 1997. Therefore any concern about his daughter's relationship with the agent must refer to Judge Lindberg's relationship with her rather than with him. Mr. Parks offers evidence that Judge Lindberg had extrajudicial conversations with his daughter about the trial. Hearing Tr., April 23, 1998, at 10 (Judge says that he told his daughter that when verdict was delivered, one defendant turned table over.) However, Judge Lindberg testified that there were no discussions with his daughter of pretrial or trial rulings. *Id.*

---

[1] Mr. Parks offers no evidence that adultery or potential adultery, was possible, or that it would have been relevant to any issue in the case. The comment appears to be a gratuitous smear of Ms. Lindberg.

-4-

Mr. Parks accuses Judge Lindberg of perjuring himself, but his only evidence he has that the Judge committed this crime is the following pair of statements: (1) At the hearing before Judge Marovich in April 1998, Judge Lindberg stated that he "had no idea" when his daughter became acquainted with the agent. *Id.* at 12. (2) At the recusal discussion in December 1997, he said that she met the agent while covering the trial. Hearing Tr., Dec. 9, 1997, at 7. The statements are not necessarily inconsistent, because the first one can be read to say that Judge Lindberg did not know precisely when his daughter and the agent became acquainted, which is consistent with his knowing that they became acquainted at some time during the trial process.

But even if the statements were inconsistent, they were not perjurious. Perjury is defined as the wilfully false assertion of a material fact under oath. *United States v. Verser*, 916 F.2d 1268, 1271 (7th Cir. 1990). First there is no evidence of intent to deceive. "Mere inconsistencies in testimony . . . do not establish . . . knowing use of false testimony." *Id.* Second, the statements are not material to anything, specifically, to whether the judge and his daughter discussed any pretrial or trial motions.

The further, and less incendiary, argument that Judge Lindberg's evidentiary decisions during trial might have been subconsciously affected by his daughter's contacts with the agent, but "the defense will never know, could never learn" if this were

-5-

so, Pet. at 22, is futile. If Mr. Parks cannot point to a specific ruling that was somehow tainted by an improper contact, and show prejudice from that ruling, all he has is mere speculation. It was not ineffective assistance of counsel to not raise this argument on appeal.

Finally, Mr. Parks argues that his appellate attorney was ineffective for not arguing that his sentences for use of minors should be vacated because they involved facts that increased his sentence beyond the statutory maximum that should have been, but were not, submitted to the jury. *See Jones v. United States*, 526 U.S. 227, 342 n.6 (1999). The issue here is the drug quantities, which he says are not alleged in those counts. The Seventh Circuit rejected a similar challenge of another defendant, *United States v. Jackson*, 207 F.3d 910, 920-21 (7th Cir. 2000) (rejecting *Jones* challenge to drug conspiracy count), and again, it was not ineffective assistance of counsel for Jones's appellate lawyer not to raise a losing argument. Even if the decision was wrong, it was strategic and sensible.

Mr. Parks' petition for relief under § 2255 is therefore DENIED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: June 28, 2002